IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL ACTION FILE |
| v. | ) |
| | ) NUMBER 1:10-cr-521-2-TCB |
| OTIS HENRY, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

This matter is before the Court on Defendant Otis Henry's objections [41] to Magistrate Judge Alan J. Baverman's Report and Recommendation (the "R&R") [699], which recommends that Henry's motions to suppress evidence from 1855 8th Street, Chamblee, Georgia [513 & 521] and to suppress identifications [509, 552 & 573] be denied; his motion to suppress statements [507] be granted in part and denied in part; and his motion to suppress evidence related to the search of a hotel room in Tampa, Florida

[508] be denied in part and held in abeyance in part. Henry filed objections to the R&R.[1]

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[2] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

---

[1] The R&R was issued on January 30, 2013. Pursuant to 28 U.S.C. § 636(b)(1), Henry had fourteen days from the date of service of the R&R in which to file objections to the R&R. Henry filed his objections on February 21; thus, his objections were untimely. Nevertheless, the Court has reviewed his arguments.

[2] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[3] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437,

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

---

1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The Court has conducted a careful, de novo review of the report and recommendation and Henry's objections thereto. Having done so, the Court finds that Magistrate Judge Baverman's factual and legal conclusions regarding Henry's motions to suppress evidence from his girlfriend's residence at 1855 8th Street were correct and that Henry's objections have no merit. The Court agrees with Judge Baverman that Henry has not carried his burden of showing that he had a legitimate expectation of privacy in his girlfriend's home. Further, the Court holds that even if Henry could show a legitimate expectation of privacy, Henry has also failed to satisfy his burden of demonstrating that the warrant and/or its execution were defective. Thus, the Court will deny Henry's motions to suppress evidence obtained from the search of the 8th Street residence.

The Court will also adopt the Magistrate Judge's conclusions that the identification testimony of two of Henry's girlfriend's neighbors is admissible. However, the Court does not adopt Judge Baverman's conclusion that the motion to suppress identification testimony should be denied in full. The R&R states, "Henry only complains about, and in any event, the evidence only supports, a conclusion that displaying a single photograph of Henry to the neighbors and CS-1 [a confidential informant]

arguably implicates due process because the procedure was overly suggestive." R&R, at 20. But Henry's post-hearing brief argues that "the presentation of single photographs to the two neighbors of 1855 Eighth Street and to the *concierge at 943 Peachtree Street* was in each instance inherently suggestive." (Emphasis added). The R&R makes clear that the 943 Peachtree Street concierge and CS-1 are two different people. Thus, Henry's objection did not regard CS-1, but the concierge. As Henry points out in his objections, Judge Baverman made no conclusion as to whether the concierge's identification testimony should be excluded.

The Court therefore considers the concierge's identification. On December 15, 2010, law enforcement officers were executing a warrant at 943 Peachtree Street, Apartment 707. They questioned the concierge about the apartment's owner and asked about various people that the concierge might have seen at the apartment. The concierge responded that there were too many people coming and going from the building for him to know who was going to the apartment. An agent then showed the concierge a photo of Henry and asked if he had seen him. The agent testified at the hearing on Henry's motions that the concierge said he thought he had seen the man in the photograph before but was not sure. Specifically, the agent

5

testified, "I think he said, you know, he had seen him, but. . . [he said] I see too many people kind of every day, you know. Unless I have specific interactions with them, I don't necessarily pay attention."

Courts follow a two-step analysis when determining whether introduction of identification testimony violates due process. "First, [the court] must determine whether the original identification procedure was unduly suggestive." *Cikora v. Dugger*, 840 F.2d 893, 895 (11th Cir. 1998). If the identification procedure was suggestive, "[the court] must then consider whether, under the totality of the circumstances, the identification was nonetheless reliable." *Id.*

Henry argues that the identification procedure was unduly suggestive because officers showed the concierge a single photo in the context of a federal investigation. The Court agrees that this procedure was unduly suggestive. *See, e.g., Marsden v. Moore*, 847 F.2d 1536, 1545 (11th Cir. 1988) (pretrial photographic identification procedure in which defendant was the only male in photographs shown to witness was unduly suggestive); *Dobbs v. Kemp*, 790 F.2d 1499, 1506 (11th Cir. 1986) (procedure unduly suggestive where witness was shown four photographs, each of the defendant); *U.S. v. Cannington*, 729 F.2d 702, 711 (11th Cir. 1984) (single

photo display suggestive); *U.S. v. Perkins,* No. 1:10-cr-97-JEC-LTW, 2011 WL 2294163, at *8 (N.D. Ga. Apr. 21, 2011) (single photographs shown to witnesses may have been unduly suggestive).

"Even a single-picture photo display, however, can be admissible if the identification is otherwise reliable." *Perkins,* 2011 WL 2294163, at *8 (citing *Manson v. Brathwaite,* 432 U.S. 98, 114 (1977)). For an identification to be unconstitutionally unreliable, there must be "a substantial risk of misidentification." *Johnson v. Dugger,* 817 F.2d 726, 729 (11th Cir. 1987). "Factors considered in determining reliability include 'the opportunity to view the witness at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' " *Id.* (citing *Neil v. Biggers,* 409 U.S. 188 (1972)).

Once Henry carried his burden of showing that the eyewitness identification was derived through "impermissibly suggestive" means, the burden shifted to the Government to show that the identification was reliable independent of the suggestive procedure. *United States v. Wade,* 388 U.S. 218, 240 (1967). Here, the Government has failed to meet its

burden. According to the agent's own testimony, the concierge told the agent that he thought he had seen Henry before but was not sure and that he saw too many people coming and going to pay attention. This complete lack of certainty demonstrates that there is a substantial risk of misidentification. The Court will therefore grant Henry's motion to suppress the concierge's identification.

Henry has made no objection to the R&R's determination regarding his motion to suppress statements. Having found no clear error in the R&R's conclusions, the Court will adopt the R&R's determination that Henry's pre-*Miranda* statement that he had marijuana stored in his hotel room should be suppressed, and that to the extent that Henry challenges his post-*Miranda* statements, such a challenge should be denied.

Finally, the Court addresses Henry's motion to suppress evidence related to the search of a Tampa hotel room. Henry has moved to suppress evidence obtained as a result of the agents' (1) search of his cell phone when he was arrested, and (2) search of the hotel room. Judge Baverman has ordered further briefing regarding evidence seized from the hotel room and thus that issue will be held in abeyance. As to the cell phone, the Court will

adopt Judge Baverman's conclusion that the agent's limited search of Henry's cell phone following his arrest should not be suppressed.

The Eleventh Circuit has not addressed this precise issue. *See United States v. Allen,* 416 F. App'x 21, 27 (11th Cir. 2011) ("Whether the warrantless search of a cell phone incident to arrest violates a person's Fourth Amendment expectation of privacy is an unanswered question in this Circuit."). As pointed out in the R&R, five circuit courts of appeal have reached this issue and have concluded that such a search is permissible. R&R, at 28-29 (citing *United States v. Rodriguez,* 702 F.3d 206, 209-10 (5th Cir. 2012); *Silvan W. v. Briggs,* 309 F. App'x 216, 225 (10th Cir. 2009); *United States v. Mendoza,* 421 F.3d 663, 668 (8th Cir. 2005); *United States v. Murphy,* 552 F.3d 405, 410-12 (4th Cir. 2009); *United States v. Ortiz,* 84 F.3d 977, 982-84 (7th Cir. 1996)). Courts within this circuit have reached differing results regarding suppression of searches of cell phones made incident to arrest. *Compare United States v. Gomez,* 807 F. Supp. 2d 1134, 1149 (S.D. Fla. 2011) (holding that "the immediate search at the scene of the cell phone's call log history, limited to phone calls from the preceding 24-48 hours, in our view, was reasonable and appropriate under Supreme Court and Eleventh Circuit precedent"), *and United States*

*v. McCray*, No. CR408-231, 2009 WL 29607, at *3 (S.D. Ga. Jan. 3, 2009) (collecting cases), *with United States v. Quintana*, 594 F. Supp. 2d 1291, 1299-1300 (M.D. Fla. 2009) (suppressing search of cell phone's digital photo album incident to arrest for driving while license suspended), *and United States v. Wall*, No. 8-600016-CR, 2008 WL 5381412, at *3 (S.D. Fla. 2008) (search of text messages without warrant was impermissible because "searching through information stored on a cell phone is analogous to a search of a sealed letter, which requires a warrant.") (citation omitted).

The Eleventh Circuit has stated that this question "is a fairly difficult" one. *Allen*, 416 F. App'x at 27. The Court agrees with Judge Baverman that in answering this question, the Court should adopt the view of the courts of appeal and other courts that hold that "an arrestee's cell phone properly may be searched without a warrant as incident to his lawful arrest for drug trafficking." R&R, at 28.

Accordingly, the Court ADOPTS AS ITS ORDER the Report and Recommendation [699] to the following extent: Henry's motions to suppress evidence from 1855 8th Street, Chamblee, Georgia [513 & 521] are DENIED; Henry's motion to suppress statements [507] is GRANTED IN PART AND DENIED IN PART; Henry's motion to suppress evidence

related to the search of the Tampa hotel room [508] DENIED IN PART AND HELD IN ABEYANCE IN PART.  Henry's motions to suppress identifications [509, 552 & 573] are GRANTED IN PART AND DENIED IN PART as set forth above.

    IT IS SO ORDERED this 5th day of April, 2013.

                                            Timothy C. Batten, Sr.
                                            United States District Judge