IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | CRIMINAL ACTION FILE |
| v.                                              ) | |
| ) | NO. 1:10-CR-521-TCB-AJB-02 |
| OTIS HENRY,                              ) | |
| ) | |
| Defendant.              ) | |

### UNITED STATES MAGISTRATE JUDGE'S
### NON-FINAL REPORT AND RECOMMENDATION

Before the Court is Otis Henry's motion to suppress evidence obtained by wiretap and electronic surveillance, [Doc. 601]. The government responded, [Doc. 609], and was directed to file a response on the substance of Defendant's arguments, [Doc. 713]. Defendant did not file a reply.

The government argues that Henry's motion should be denied because it was untimely. Pretermitting the merits of that argument, the Court prefers to resolve Henry's motion on the merits, and **RECOMMENDS** that it be **DENIED**.

*Title III alleged deficiencies*

First, Henry contends that the government failed to comply with the sealing requirement of 18 U.S.C. § 2518(8)(a), when (1) it did not seal the Title III intercepted recordings on Target Telephones ("TT") 12, 14 and 15 until November 29/30, 2010,

six days after the authorized interceptions ended on November 24, 2010, [Doc. 601 at 3]; and (2) it did not seal the Title III intercepted recordings on TT 10, 12, 14 and 16, which were initiated on December 1, 2010, because the discovery did not contain a sealing order. [*Id.* at 3-4]. He also contends that the government failed to supply the District Court with progress reports as required by 18 U.S.C. § 2518(6) and the interception orders. [Doc. 601 at 4-5].

In its merits response, [Doc. 713], the government first challenges Henry's blanket statements that he has standing to challenge the lawfulness of the interceptions. [*Id.* at 3-8]. It also contends that the November 29, 2010, sealing orders were timely because November 25, 2010, was Thanksgiving, and November 27 and 28, 2010, were weekend days, and in determining the timeliness of Title III's sealing requirements, holidays and weekends are not counted. [*Id.* at 8-11]. It also contends that the Title III authorization which began on December 1, 2010, was terminated on December 16, 2010, and sealed that date. [*Id.* at 12]. It also attached *in camera* a copy of the progress reports for the October 2010 interception, which it contends are not required to be disclosed; and states that the December 1, 2010, interception was ended before the need for filing a progress report. [*Id.* at 13-14].

*Discussion*

The Court concludes that Henry has not established standing to challenge the sealing of the interception tapes. In order to have standing, a defendant must establish that he has a legitimate expectation of privacy that was violated by the government's electronic surveillance. *See United States v. Scasino*, 513 F.2d 47, 50 (5th Cir. 1975); *see also United States v. Bianco*, 998 F.2d 1112, 1122 (2d Cir. 1993). However, allegations in a brief are insufficient to establish standing. *United States v. One Parcel of Real Estate at 3850 S.W. 126th Court, Miami*, 39 F. Supp. 2d 1370, 1371-72 (S.D. Fla. 1997). As a result, the motion should be denied.

Even if Henry established standing, it is clear that the recordings were timely sealed. Title 18 U.S.C. § 2518(8)(a) requires that wiretap recordings be sealed "[i]mmediately upon the expiration of the period of the order." Courts have held that recordings are sealed "immediately upon the expiration of the period of the order," when they are sealed within two or three days of the expiration. *United States v. Matthews*, 431 F.3d 1296, 1307 (11th Cir. 2005) (holding that sealing " 'within one or two days' is . . . reasonable," and citing *United States v. McGuire*, 307 F.3d 1192, 1204 (9th Cir. 2002) (1 to 2 days); *United States v. Wilkinson*, 53 F.3d 757, 759 (6th Cir. 1995) (" 'Immediately' is understood as meaning 'within one or two days.' ") (citation

3

omitted); *United States v. Wong*, 40 F.3d 1347, 1375-76 (2d Cir. 1994) (same)); *see also United States v. Carson*, 969 F.2d 1480, 1498 (3d Cir. 1992) (3 days acceptable where intervening weekend); *United States v. Flores*, No. 1:05-cr-558-WSD-JFK, 2007 WL 2904109 at *3 (N.D. Ga. Sept. 27, 2007) ("Courts in this circuit have found as many as three days between expiration of the order and sealing acceptable") (citing *United States v. Harvey*, 560 F. Supp. 1040, 1057 (S.D. Fla. 1983) ("delay of three (3) days after termination is reasonable")).

Moreover, courts have held that when calculating the period between the expiration of the interceptions pursuant to a wiretap order and the sealing of the recordings, holidays and weekends are not counted. *United States v. Maxwell*, 25 F.3d 1389, 1394 (8th Cir. 1994); *Carson*, 969 F.2d at 1498 (weekends not considered); *Wong*, 40 F.3d at 1375 ("weekends and holidays present legitimate obstacles to the sealing of tapes"); *Flores*, 2007 WL 2904109 at *3 (holding that "the Court should count only business days"); *see also United States v. Calabrese*, 492 F. Supp. 2d 906, 911-12 (N.D. Ill. 2007) (intervening weekends provides legitimate reason for delay in sealing tapes).

In this case, the recordings which terminated on November 24, 2010, were timely sealed under the statute when Judge Forrester signed the sealing order on November 29,

4

2010.  [*See* Doc. 713, Exhs. 2, 3].  In 2010, November 25 was Thanksgiving and November 27 and 28 fell on the weekend.  Thus, the recordings were sealed within two business days of the termination of recording, and thus were timely under Eleventh Circuit law.

In addition, the December 1, 2010, authorized recordings were terminated on December 16, 2010, and sealed that day by Judge Story.  [*Id.*, Exh. 9].

As a result, Henry's sealing challenges should be rejected.

In addition, the government's *in camera* presentation demonstrates that progress reports were submitted when required under the interception authorizations.  Thus, even if a failure to file timely progress reports gives rise to the remedy of suppression, *but see United States v. Scafidi*, 564 F.2d 633, 641 (2d Cir. 1977) (stating that "the sanction for failure to do so is surely not automatic suppression of the tapes"), the reports, where required, were submitted to the District Court, and thus this argument also should be rejected.

### *Geo-Location Return Deficiencies*

Henry also contends that the government appears to have obtained geo-location warrants or orders on eight occasions for telephones believed to be used by Henry, but the discovery only shows two returns being filed in violation of the issuing order or

5

warrant and Fed. R. Crim. P. 41(f).  [Doc. 601 at 6-8].  The government asserts that, again, Henry has not shown standing to challenge the geo-location warrants/orders.  [Doc. 713 at 15-18].  It also states that with the exception of one state warrant for which there was no timely return, it either filed returns or did not execute on the warrants/order.  [*Id.* at 18-19].  It also contends that suppression is not a valid remedy for failing to file proper returns.  [*Id.* at 19-20].

First, the Court agrees that Henry did not establish standing, particularly where the telephones he allegedly used were in the names of aliases.  *See United States v. Suarez-Blanca*, Criminal Indictment No. 1:07-CR-0023-MHS/AJB, 2008 WL 4200156, at *6 (N.D. Ga. Apr. 21, 2008) (R&R) (citing cases).  Second, even if the returns were not filed or filed timely, Fed. R. Crim. P. 41(f)(3)(A) requires officers "executing the warrant [to] . . . give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken."  Violations of Rule 41(f) "are essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith."  *United States v. Marx*, 635 F.2d 436, 441

6

(5th Cir. Unit B, Jan. 27, 1981).[1] In *Marx*, the court held that failure to deliver a copy of the search warrant to the party whose premises were searched until the day after the search did not invalidate a search, in the absence of a showing of prejudice. The *Marx* Court went on to explain that in order to show prejudice in this context, a defendant must show that because of the violation of Rule 41, he was subjected to a search that might not have occurred or would not have been so abrasive had the rule been followed. *Marx, id.*

The burden of establishing that the warrants in this case was defective or executed improperly is upon the defendant. *Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1986); *Marx*, 635 F.2d at 441; *United States v. Vigo*, 413 F.2d 691, 693 (5th Cir. 1969) (defendants have the burden of proof in challenging the validity of the execution or service of the search warrant).

Since Henry has not demonstrated that he was prejudiced by any failure relating to the return of the geo-locations authorizations, his motion should be denied.

For all the above and foregoing reasons, the undersigned **RECOMMENDS** that

---

[1] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

AO 72A
(Rev.8/82)

Henry's motion to suppress, [Doc. 601], be **DENIED**.

**IT IS SO RECOMMENDED**, this the 12th day of April, 2013.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)