IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                      ) | CRIMINAL ACTION FILE |
| ) | |
| OTIS HENRY,             ) | NUMBER 1:10-cr-521-2-TCB |
| ) | |
| Defendant.          ) | |

# ORDER

This matter is before the Court on Magistrate Judge Baverman's Report & Recommendation ("R&R") [750], recommending that the Court deny Defendant Otis Henry's motion to suppress evidence obtained as a result of his consent to search a hotel room in Tampa, Florida [508]. Henry filed objections to the R&R.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir. 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, de novo review of the R&R and Henry's objections thereto. Having done so, the Court finds that Judge Baverman's legal conclusions were correct. Specifically, as set forth in the R&R, the Court finds that Henry's consent to search the hotel room was voluntary. However, in adopting Judge Baverman's conclusion of voluntariness, the Court will make a minor modification to the R&R's reasoning.

As the R&R explains, the Eleventh Circuit evaluates a non-exhaustive list of relevant factors in determining whether a consent to search is voluntary: (1) voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with police; (4) the defendant's awareness of his right to refuse to consent to the search; (5) the defendant's education and intelligence, and; (6) significantly, the defendant's belief that no incriminating evidence will be found.  R&R at 11 (citing *United States v. Blake*, 888 F.3d 795, 798-99 (11th Cir. 1989)).

In evaluating the sixth factor of the voluntariness test, Judge Baverman found:

> [O]bviously this is not a case where the suspect did not believe that the police could locate any contraband in his motel room, and thus would be more likely to consent to a search. However, I am unaware of any case that holds that just because a person knows there is evidence of crime on the premises sought to be searched by consent, the consent was found to be involuntary.  In this case, this factor is simply not applicable.

R&R at 13.  Henry argues that rather than being an inapplicable factor, as the R&R found, this factor supports a finding that his consent was involuntary.  The Court agrees.

Like Judge Baverman, the Court is not aware of any case holding that a person's consent is involuntary simply because he knew that there was evidence of crime on the premises sought to be searched; nonetheless, the factor merited consideration and indeed weighed in favor of a finding of involuntariness. *Compare United States v. Perry*, ___ F. App'x ___, No. 12–16249, 2013 WL 3306084, at *4 (11th Cir. July 2, 2013) ("Perry also informed the officers that nothing would be found in the search, which is a factor supporting the voluntariness of his consent."), *United States v. Peguero*, No. 11-13-43, 2013 WL 1909036, at *3 (11th Cir. May 9, 2013) ("Given the well-concealed location of the hidden compartment in the gas tank, Peguero may have thought that the officer would not find the cocaine. Peguero's consent to the search was voluntary."), *and United States v. Wallstrum*, Nos. 11-11228, 11-11230, 11-11231, 2013 WL 829079, at *7 (5th Cir. Mar. 4, 2013) ("No narcotics were found in [Defendant's] car so it is likely that he believed no incriminating evidence would be found at the time he gave his consent."), *with United States v. Flowers*, 424 F. App'x 302, 303 (11th Cir. 2011) ("Although Flowers was in custody at the time of his consent, and he likely knew that officers would locate incriminating evidence, the record reflects that the remaining factors support the district

court's finding that Flowers's consent was voluntary."); *but see United States v. Gutierrez*, 503 F. App'x 262, 265 (5th Cir. 2012) (indicating that defendant's concession that officers "would have found a shotgun hanging over his bed in plain view during the sweep" showed voluntariness).

Nevertheless, the R&R correctly evaluated the other factors and concluded that, on balance, Henry's consent was voluntary. As the R&R found, although Henry was in custody, he was not coerced into giving his consent; he was cooperative with the police; and even though he was not explicitly told that he had the right to refuse his consent, he appeared to read along with the agent while being read the consent-to-search form. The Court therefore agrees with the R&R that Henry's consent to the search was voluntary.

Accordingly, with the modification set forth above, the Court ADOPTS AS ITS ORDER the R&R [750] and DENIES Henry's motion to suppress [508].

IT IS SO ORDERED this 10th day of July, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge